made in bill of exception No. 4 and is overruled for the same reasons.

By bill of exception No. 8 the appellant objected to the court's charge on the following ground: That it restricted or limited the appellant's right of self-defense to a previous assault upon him by the deceased and a former demonstration, and did not instruct the jury that if the defendant knew the deceased had a pistol and thought that he was seeking cover from which to shoot, that he, the defendant, would have the right to shoot and kill the deceased. We have again reviewed the court's entire charge and do not believe that it is subject to the criticism addressed to it.

By bill of exception No. 9 appellant urged a number of objections to the court's charge which we have carefully considered, and after careful consideration we have reached the conclusion that the same are without merit.

The appellant in his brief cites us to a number of authorities, including the case of Andrus v. State, 73 Tex.Cr.R. 329, 165 S.W. 189, wherein this court held that it was error for the trial court to instruct on actual or real danger when the evidence raised only the issue of apparent danger; but in this case, if the issue of self-defense was raised, it raised the issue of actual danger as well as apparent danger. The facts in this case are such that it is readily distinguishable from the case of Andrus v. State, supra.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, Judge.

Appellant makes a lengthy motion for rehearing, repeating and going over the same grounds of objections to the verdict and judgment, and procedure in the trial court, as heretofore made. In our opinion the trial court was liberal toward appellant in his charge on self-defense. If we understand this record, appellant himself testified that after having had an argument with deceased over the payment of a debt asserted to be due him by deceased, during which argument he ascertained that deceased had a pistol, appellant went away, armed himself with a gun and voluntarily came back to where deceased was, and when the latter got up and started to run appellant called out to him that he need not run, that he was going to get him, and shot him down. We see no reason for discussing further the matters complained of, all of which were gone into and discussed in our original opinion.

The motion for rehearing is overruled.

**RATLEY v. STATE.**

No. 18365.

Court of Criminal Appeals of Texas.
June 3, 1936.

Kenyon & Gernsbacher, of Galveston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft of property over the value of $50; the punishment, confinement in the penitentiary for two years.

No judgment of conviction is brought forward. Under the circumstances, this court is without jurisdiction.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.